JUDGE JONES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

    - v. -                        :  INFORMATION  RCD

JEFFREY DUNAT,                    :  08 Cr.

        Defendant.             :

- - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 0 8 2008
```

**08 CRIM 308**

COUNT ONE

The United States Attorney charges:

1. From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, JEFFREY DUNAT, the defendant, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by conspiring to obtain money and property from and with the consent of other persons, to wit, bus company owners and operators doing business in interstate commerce, which consent would have been and was induced under color of official right, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, DUNAT, an employee of the New York City Department of Education ("DOE"),

and others, agreed to use their official positions with DOE to obtain cash payments from bus company owners.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The United States Attorney further charges:

2.  From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, JEFFREY DUNAT, the defendant, and others, known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Section 666 of Title 18, United States Code.

3.  It was a part and object of the conspiracy that JEFFREY DUNAT, the defendant, and others known and unknown, being an agent of an organization, and of a State, and local government, and an agency thereof, which received, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, unlawfully, willfully, knowingly and corruptly would and did solicit and demand for the benefit of any person, and accepted and agreed to accept, anything of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such organization, government, and agency

2

involving a thing of value of $5,000 and more, to wit, DUNAT, an employee of the DOE, and others agreed to solicit and accept cash bribes from owners of school bus companies that contracted with DOE in order to influence his activities within DOE.

OVERT ACTS

4.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  JEFFREY DUNAT, the defendant, received a cash bribe from a bus company owner in the Bronx, New York, in or about 2007.

(Title 18, United States Code, Section 371.)

COUNT THREE

The United States Attorney further charges:

5.  From at least in or about the mid-1990s until in or about 2007, in the Southern District of New York and elsewhere, JEFFREY DUNAT, the defendant, being an agent of an organization, and of a State, and local government, and an agency thereof, which received, in a one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, unlawfully, willfully, knowingly and corruptly did solicit and demand for the benefit of any person, and accepted

and agreed to accept, anything of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of such organization, government, and agency involving a thing of value of $5,000 and more, to wit, DUNAT, an employee of the New York City Department of Education ("DOE"), solicited and accepted cash bribes from owners of school bus companies that contracted with DOE in order to influence his activities within DOE.

(Title 18, United States Code, Section 666.)

**FORFEITURE ALLEGATION**

6.  As the result of committing the offenses alleged in Counts One, Two, and Three of this Information, JEFFREY DUNAT, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1951, including but not limited to the following: A sum of money equal to the amount of proceeds obtained as a result of the foregoing offenses, for which the defendants are jointly and severally liable.

<u>Substitute Asset Provision</u>

7.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant(s)-

   a.  cannot be located upon the exercise of

due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981 and
Title 28, United States Code, Section 2461(c)).

*[signature]*
MICHAEL J. GARCIA
United States Attorney